**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Breindel Stark, | Civil Action No: |
| Plaintiff, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| -v.- | |
| Afni, Inc., | |
| Defendant(s). | |

Plaintiff Breindel Stark, (hereinafter referred to as "Plaintiff") brings this Complaint by and through her attorneys, Stein Saks, PLLC, against Defendant Afni, Inc. (hereinafter referred to as "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## <u>INTRODUCTION/PRELIMINARY STATEMENT</u>

1.    Congress enacted the Fair Debt Collection Practices Act ("the FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.      Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "[e]nsure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

### JURISDICTION AND VENUE

3.      The Court has jurisdiction over this action pursuant to 28 U.S.C.  § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as where a substantial part of the events or omissions giving rise to the claim occurred.

### NATURE OF THE ACTION

5.      Plaintiff brings this action under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6.      Plaintiff is seeking damages and declaratory relief.

### PARTIES

7.      Plaintiff is a resident of the State of New York, County of Rockland.

8.      Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6), with a business address of 1310 Martin Luther King Drive, Bloomington, IL 61702-3517.

9.      Upon information and belief, Defendant uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

10.      Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

11.      Some time prior to July 29, 2021, on a date better known by Defendant, upon information and belief, an obligation was incurred to a creditor, Sprint. The subject debt was allegedly incurred by Plaintiff solely for personal, household or family purposes, specifically phone services.

12.      Sprint is a "creditor" as defined by 15 U.S.C. § 1692a (4).

13.      The Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

14.      The subject obligation is consumer-related, and therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

15.      Upon information and belief, Sprint contracted Defendant for the purpose of debt collection. Therefore, Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

### *Violation I – July 29, 2021 Collection Letter*

16.      On or about May 26, 2021, the Defendant sent the Plaintiff an initial collection letter regarding the subject debt. (See "Letter" at Exhibit A.)

17.      Plaintiff maintains that she does not owe this debt.

18.     Plaintiff notified the original creditor that this was not her debt.

19.     Plaintiff notified a previous debt collector assigned to collect this debt that this was not her debt.

20.     Nevertheless, despite information being provided to the original creditor and a previous debt collector, Defendant continued to attempt to collect the alleged debt from Plaintiff.

21.     Defendant's collection from Plaintiff on a debt which they knew or should have known was not legitimate was abusive and harassing.

22.     Defendant concretely harmed Plaintiff by attempting to collect a debt that did not belong to her.

23.     These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

24.     Defendant's collection efforts with respect to the subject debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

25.     Generally, these representations are material because they are likely to affect a consumer's choice or conduct regarding how to respond to an allegedly outstanding debt claim and are likely to mislead consumers acting reasonably under the circumstances.

26.     Specifically, Defendant's careless, deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because from the letter, Plaintiff could not determine the amount of debt allegedly owed.

27.     Plaintiff was confused and misled to her detriment by the statements in the dunning letter, and relied on the contents of the letter to her detriment.

28.     Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

29.     Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

30.     As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud.

31.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

32.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

33.    Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

34.    Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35.    Defendant violated §1692e:

   a.   As the letter is open to more than one reasonable interpretation;

   b.   As the letter fails to effectively provide Plaintiff with the amount of the debt owed, in violation of §1692e (2); and

   c.   By making a false and misleading representation in violation of §1692e (10).

36.    By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

37.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Breindel Stark, individually and on behalf of all others similarly situated, demands judgment from Defendant Afni, Inc. as follows:

1.    For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

2.    For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3.    For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

4.    For declaratory relief stating that Defendant violated the FDCPA pursuant to 28 U.S.C. §2201; and

5.    For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: August 11, 2021                                    Respectfully Submitted,

**STEIN SAKS, PLLC**
 **/s/ Raphael Deutsch**
Raphael Deutsch, Esq.
One University Plaza, Ste. 620
Hackensack, NJ 07601
Ph: 201-282-6500 ext. 141
Fax: 201-282-6501
rdeutsch@steinsakslegal.com
*Counsel for Plaintiff*