UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
BREINDEL STARK, :
               Plaintiff, :
v. : **OPINION AND ORDER**
  : 21 CV 8868 (VB)
AFNI, INC., :
               Defendant. :
--------------------------------------------------------------x

Briccetti, J.:

Plaintiff Breindel Stark brings this action against defendant AFNI, Inc., alleging defendant violated the Fair Debt Collection Practices Act ("FDCPA").

Now pending are the parties' cross-motions for summary judgment. (Docs. ##56, 60).

For the reasons set forth below, defendant's motion is GRANTED and plaintiff's motion is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

The parties have submitted memoranda of law, declarations with exhibits, and statements of undisputed material fact pursuant to Local Civil Rule 56.1, which together reflect the following factual background.[1]

In 2019, plaintiff ordered hotspot services from Sprint Solutions, Inc. ("Sprint"), as well as a MiFi mobile hotspot device, to be shipped to her home address. However, plaintiff never received the device and was therefore unable to use Sprint's hotspot services.

---

[1] On several occasions, the parties do not actually dispute certain statements of material fact; they either cite to evidence that does not controvert the corresponding statement of material fact or do not cite to admissible evidence at all. The Court has independently reviewed the statements the parties attempt to controvert in this manner and, when supported by admissible evidence, the Court deems them undisputed for the purpose of deciding the motions. See Leeber Realty LLC v. Trustco Bank, 316 F. Supp. 3d 594, 600–01 (S.D.N.Y. 2018), aff'd, 798 F. App'x 682 (2d Cir. 2019) (summary order).

On an unspecified date, shortly after placing the order, plaintiff called Sprint to ask why she had not yet received the MiFi device. However, the Sprint representative "couldn't open [plaintiff's] account because [plaintiff] didn't have the account number." (Doc. #62-1 ("Pl. Dep.") at 23).[2]

Plaintiff made no other attempt to contact Sprint.

Over the next several months, Sprint continued to bill plaintiff for hotspot services. Plaintiff did not pay those bills. She believed she was not obligated to do so because she "didn't get the device and [she] wasn't using the service either." (Pl. Dep. at 14).

Sprint initially placed plaintiff's unpaid balance of $367.96 (the "Debt") with non-party Diversified Adjustment Service, Inc. ("Diversified") for collection. After receiving the first collection letter, plaintiff called Diversified and told them to "stop sending [her] letters" because she was not obligated to pay the hotspot-related charges. (Pl. Dep. at 28–29).

On July 26, 2021, Sprint placed the Debt with defendant for collection. At that time, and for several months thereafter, "Sprint had no record of receiving a dispute from plaintiff Breindel Stark, or any other party, related to the debt at issue." (Doc. #21-2 ("Sprint Decl.") ¶¶ 6–7).

On or around July 29, 2021, defendant mailed a collection letter to plaintiff. The letter listed the "Balance Due" on plaintiff's Sprint account as $367.96, and informed plaintiff of her right to dispute the validity of the Debt within thirty days. (Doc. #1-1).[3]

Approximately one week later, plaintiff called defendant to dispute the Debt.

---

[2]   "Pl. Dep. at _" refers to the page number at the top right-hand corner of each deposition transcript page.

[3]   The parties agree Document #1-1 is a copy of the July 29 collection letter. (See Doc. #59 ("Pl. 56.1 Counterstatement") ¶ 3).

Plaintiff commenced this action on October 29, 2021. She claims Sprint's failure to deliver the MiFi device, which prevented her from using its hotspot services, relieved plaintiff of her contractual obligation to pay Sprint. Thus, plaintiff contends defendant violated Section 1692e of the FDCPA by falsely representing she owed a debt to Sprint.

**DISCUSSION**

I.      Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . . Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[4]

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010). It is the moving party's burden to establish the absence of any genuine issue of material fact. Zalaski v. Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party fails to make a sufficient showing on an essential element of its case on which it has the burden of proof, then summary judgment is appropriate. Celotex Corp.

---

[4] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

v. Catrett, 477 U.S. at 323. If the non-moving party submits "merely colorable" evidence, summary judgment may be granted. Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011). "[T]he mere existence of a scintilla of evidence" supporting the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for it. Dawson v. Cnty. of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party. Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003). If "there is any evidence in the record from which a reasonable inference could be drawn in favor of the [non-moving] party" on the issue on which summary judgment is sought, "summary judgment is improper." See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).

In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial. Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

In deciding cross-motions for summary judgment, "the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration" and need not ultimately "grant judgment as a matter of law for one side or the other." Heublein, Inc. v. United States, 996 F.2d 1455, 1461 (2d Cir. 1993).

III.     Cross-Motions for Summary Judgment

Each side asserts there is no genuine dispute of material fact with respect to plaintiff's FDCPA claims and is thus entitled to summary judgment as a matter of law.

The Court agrees with defendant.

A.     Applicable Law

The FDCPA is "primarily a consumer protection statute." Avila v. Riexinger & Assocs., LLC, 817 F.3d 72, 75 (2d Cir. 2016).  Its purpose is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  The Second Circuit has "consistently interpreted the statute with these congressional objects in mind." Avila v. Riexinger & Assocs., LLC, 817 F.3d at 75.

To prevail on an FDCPA claim, a plaintiff must show (i) she is "a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt," (ii) "the defendant collecting the debt [is] a 'debt collector,'" and (iii) the defendant "engaged in an act or omission in violation of the FDCPA's requirements." Derosa v. CAC Fin. Corp., 278 F. Supp. 3d 555, 559–60 (E.D.N.Y. 2017), aff'd, 740 F. App'x 742 (2d Cir. 2018).

Section 1692e of the FDCPA prohibits the use of "false, deceptive, or misleading representation[s] or means in connection with the collection of any debt," and contains a non-exhaustive list of sixteen proscribed acts.  As relevant here, subsections (2)(A) and (10) prohibit, respectively, "[t]he false representation of the character, amount, or legal status of any debt," and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt."

5

"[W]hether a communication is 'false, deceptive, or misleading' under Section 1692e is determined from the perspective of the objective least sophisticated consumer." Bryan v. Credit Control, LLC, 954 F.3d 576, 582 (2d. Cir. 2020). "The hypothetical least sophisticated consumer does not have the astuteness of a Philadelphia lawyer or even the sophistication of the average, everyday, common consumer, but is neither irrational nor a dolt." Ellis v. Solomon & Solomon, P.C., 591 F.3d 130, 135 (2d Cir. 2010). In addition, "the least sophisticated consumer possesses 'reasonable knowledge of her account's history.'" Ocampo v. Client Servs., 2019 WL 2881422, at *2 (E.D.N.Y. July 3, 2019) (quoting Wahl v. Midland Credit Mgmt., Inc., 556 F.3d 643, 646 (7th Cir. 2009)).

Moreover, "not every technically false representation by a debt collector amounts to a violation of the FDCPA." Bryan v. Credit Control, LLC, 954 F.3d at 582. Instead, "as a natural corollary to the least sophisticated consumer test, only material errors violate Section 1692e." Id. "The materiality inquiry focuses on whether the false statement would frustrate a consumer's ability to intelligently choose his or her response," for example, by misleading the consumer as to the debt's status or impeding the consumer's ability to respond to or dispute collection. Cohen v. Rosicki, Rosicki & Assocs., 897 F.3d 75, 86 (2d Cir. 2018).

B.  Application

As an initial matter, it is undisputed that plaintiff is a "consumer" who allegedly owes the debt at issue and defendant is a "debt collector."[5] Derosa v. CAC Fin. Corp., 278 F. Supp. 3d at 559–60. Thus, the only open question is the final element of plaintiff's FDCPA claims—

---

[5] Defendant "denies" plaintiff ordered the hotspot services for her personal use at home, but offers no evidence to support its purported denial. (Doc. #63 ("Def. 56.1 Counterstatement") ¶ 11). Accordingly, for the purpose of deciding the motions, the Court finds it undisputed that plaintiff is a consumer and the debt at issue is a consumer debt. See Baity v. Kralik, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014).

6

whether defendant "engaged in an act or omission in violation of the FDCPA's requirements." Id.

According to plaintiff, defendant violated Section 1692e of the FDCPA by falsely representing she owed $367.96 to Sprint, when in fact she owed nothing because she "never received the services she bargained for." (Doc. #58 ("Pl. Mem.") at 4).

The Court disagrees.

The undisputed facts show (i) plaintiff opened the Sprint account at issue; (ii) plaintiff ordered the MiFi device and hotspot services to which the Debt pertains; (iii) plaintiff contacted Sprint once, to inquire about the status of the device, but the Sprint representative could not access plaintiff's account because plaintiff did not have her account number handy; (iv) plaintiff received bills for the MiFi device and hotspot services, totaling $367.96; (v) plaintiff did not pay those bills or contact Sprint to dispute the charges; and (vi) on the date defendant sent the collection letter, neither Sprint nor defendant had a record of plaintiff disputing the charges. (See Sprint Decl. ¶¶ 5–7; Pl. 56.1 Counterstatement ¶ 7).

In short, defendant's letter accurately listed the total unpaid charges on plaintiff's Sprint account. And because plaintiff had not informed Sprint of her belief that she was not responsible for those charges, let alone settled the Debt or obtained a declaratory judgment as to her liability, it was not false or misleading for defendant to list plaintiff's "balance due" as $367.96. Cf. Vangorden v. Second Round, Ltd. P'ship, 897 F.3d 433, 442 (2d Cir. 2018) (collection letter misleading because "it told [the consumer] that she had an outstanding debt obligation" when "[i]n fact, that obligation had been settled some five years earlier.").

Moreover, even if it had "technically been legally inaccurate to say" plaintiff owed Sprint $367.96, "this statement was not false or misleading in any material way." Cohen v. Rosicki,

7

Rosicki & Assocs., 897 F.3d at 86–87.  The least sophisticated consumer, armed with the knowledge that she had not paid or otherwise resolved the charges from Sprint, would not have been deceived "as to the nature or legal status of" the Debt, or "prevented . . . from responding to or disputing" collection.  Id. at 87; see also Glick v. Client Servs., Inc., 2020 WL 6018866, at *2 (E.D.N.Y. Sept. 29, 2020) ("The least sophisticated consumer does not read a debt collection letter in a vacuum, isolated from her financial history.").

Thus, although plaintiff may ultimately have a meritorious defense to payment of the Debt, she cannot, as a matter of law, prevail on a Section 1692e claim.[6]  "[T]he FDCPA is concerned with unlawful debt collection practices, not mere disputes over the legality of the underlying debts."  Chambers v. Habitat Co., 68 F. App'x 711, 715 (7th Cir. 2003), cert. denied, 540 U.S. 1119 (2004); see also Mohnkern v. Equifax Information Services, LLC, 2021 WL 5239902, at *8 (W.D.N.Y. Nov. 10, 2021) ("unresolved legal dispute" as to whether creditor breached contract, thereby relieving the plaintiffs of their obligation to pay, did not give rise to Section 1692e claim).

Accordingly, summary judgment for defendant is warranted, and plaintiff's FDCPA claims must be dismissed.

---

[6]   The Court need not decide whether plaintiff's defense to payment is valid.  And in any event, it is unclear, on the record before the Court, whether plaintiff is obligated to pay the Debt.  Neither party produced plaintiff's contract with Sprint.  As such, the Court cannot conclude, as a matter of law, that Sprint's failure to deliver the MiFi device amounted to a material breach of the contract.  Nor can the Court determine whether plaintiff waived any such breach by, for example, failing properly to notify Sprint.

## CONCLUSION

Defendant's motion for summary judgment is GRANTED.

Plaintiff's cross-motion for summary judgment is DENIED.

The Clerk is instructed to terminate the motions (Docs. ##56, 60) and close this case.

Dated: August 16, 2023
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge